NO. 07-02-0136-CR

NO.  07-02-0137-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 18, 2002

_____


TROY WARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 99-429700 & 99-430000; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Following a plea of not guilty in cause number 99-429700, appellant Troy Ward was convicted by a jury of aggravated assault and punishment was assessed by the court pursuant to a plea agreement at 20 years confinement.  Appellant plead guilty to aggravated robbery in cause number 99-430000 and punishment was assessed at 25

years confinement. Both sentences were imposed on April 14, 1999. On March 20, 2002, appellant filed a *pro se* notice of appeal seeking permission of the trial court to appeal his convictions. Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. Tex. R. App. P. 25.2 & 26.2(a)(1). The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal if an appeal is not timely perfected. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant's sentences were imposed on April 14, 1999; thus, the deadline for filing the notices of appeal was May 14, 1999, or 15 days thereafter if accompanied by a compliant motion for extension of time. A notice of appeal filed approximately 34 months after the deadline for doing so does not invoke our jurisdiction.

Accordingly, the purported appeals are dismissed for want of jurisdiction.[1]

---

[1]Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).

Don H. Reavis
Justice

Do not publish.